UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Edmond J. Ford, Trustee</u>

     v.                       Civil No. 06-cv-223-JD

<u>Henry Blaine and Gertrude Blaine</u>


O R D E R

     Edmond J. Ford, the Chapter 7 trustee in <u>In re Kathy B.</u>
<u>Mann</u>, brought an adversary proceeding against Mann's parents,
Henry and Gertrude Blaine, seeking to set aside a conveyance of
property from Mann to her parents as a fraudulent transfer under
New Hampshire law.  Following a trial on December 13, 2005, the
bankruptcy court dismissed the trustee's claim of actual fraud.
On May 9, 2006, the bankruptcy court issued a memorandum opinion,
holding that the trustee had also failed to prove constructive
fraud under N.H. Revised Statutes Annotated ("RSA") § 545-
A:4(I)(b)(2).

     The trustee filed this appeal six days after the bankruptcy
court issued its decision.  On appeal, the trustee asserts that
the bankruptcy court addressed the wrong fraudulent transfer
statute and that the evidence presented at trial would support
his fraudulent transfer claim when considered under the correct
statute, RSA 545-A:5.  The trustee does not explain why he did
not move for clarification or reconsideration in the bankruptcy

court before filing an appeal.

The defendants agree that the trustee amended his complaint in the adversary proceeding to allege a claim under RSA 545–A:5 so that the appropriate claim to consider is a fraudulent transfer under that statute. The defendants argue that the evidence presented in the case would support a decision to dismiss that claim. They ask this court to affirm the bankruptcy court's decision, finding no fraudulent transfer under RSA 545–A:4, on the ground that no fraudulent transfer occurred under RSA 545–A:5.

This court cannot review, for purposes of appeal, a decision that was never made by the court below. It appears that a misunderstanding has occurred in this case. The parties tried a claim under RSA 545–A:5 while the court addressed the claim under RSA 545–A:4. Therefore, the case is remanded to the bankruptcy court to clarify its decision and to undertake any additional proceedings that may be necessary. See In re R & R Assocs. of Hampton, 402 F.3d 257, 264 (1st Cir. 2005).

Conclusion

For the foregoing reasons, the appeal is dismissed, without prejudice, and the case is remanded to the bankruptcy court to clarify its decision and for any further proceedings that may be

necessary.  The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

August 23, 2006

cc:  Paul M. DeCarolis, Esquire
     Geraldine L. Karonis, Esquire
     Marc W. McDonald, Esquire
     US Bankruptcy Court-NH, Clerk